UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDYCAR, LLC, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| NASCAR EVENT MANAGEMENT, LLC, | ) |
| | ) |
| Respondent. | ) |

**NON-PARTY INDYCAR, LLC'S MOTION TO QUASH
NASCAR'S DEPOSITION SUBPOENA TO J. DOUGLAS BOLES**

Non-party INDYCAR, LLC ("INDYCAR"), by its undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45 to quash the deposition subpoena served by NASCAR Event Management, LLC ("NASCAR") on non-party J. Douglas Boles ("Mr. Boles") in an action captioned *2311 Racing LLC, et al., v. National Association for Stock Car Auto Racing, LLC, et al.*, Case No. 3:24-cv-00886-KDB-SCR pending in the United States District Court for the Western District of North Carolina, Charlotte Division.

For the reasons set forth below and more fully in the accompanying memorandum of law in support of this motion, the Court should quash NASCAR's non-party deposition subpoena to Mr. Boles, the President of both INDYCAR and the Indianapolis Motor Speedway, LLC ("IMS"). The deposition subpoena should be quashed for the following reasons:

First, the Court must quash the subpoena as unduly burdensome under Fed. R. Civ. P. 45(d)(3)(A)(iv). As President of INDYCAR and IMS, Mr. Boles' full attention is demanded by the ongoing INDYCAR season and multiple events occurring at the Indianapolis Motor Speedway (including the Ferrari Challenge on June 28-29, 2025 and the BC 39 events on July 1-2, 2025,

among others). Mr. Boles' non-party status and the considerations of the Apex Doctrine further demonstrate that the burden placed on Mr. Boles (and thus the organizations he presides over) is not commensurate with NASCAR's need for the discovery sought.

<u>Second</u>, the Court should quash the deposition subpoena under Fed. R. Civ. P. 45(d)(3)(B)(i) as it will require disclosure of highly sensitive, confidential financial and commercial information related to INDYCAR's financial operations, relationships with broadcast partners, sponsors, suppliers, and race teams, and related contractual agreements, most, if not all, of which contain confidentiality obligations. NASCAR and INDYCAR are competitors in the auto racing marketplace, competing for audience share, drivers, racing venues, and sponsors, among other things. Disclosure of such confidential commercial information by Mr. Boles to NASCAR will result in substantial commercial and economic harm to INDYCAR's competitive position.

In addition, the protective order in the underlying litigation does not appear to address deposition testimony. And, even if it did, the protective order is inadequate considering the topics and issues raised during Mr. Boles' deposition will certainly include INDYCAR's highly sensitive, confidential financial and commercial information and there are no guarantees against public disclosure or misuse of this information. So, any protection in the protective order is insufficient and warrants quashing the deposition subpoena.

For at least the reasons stated above, INDYCAR, LLC respectfully asks this Court to enter an order quashing the non-party deposition subpoena of Mr. Boles. In support thereof, INDYCAR, LLC provides further facts and argument in the contemporaneously filed Memorandum of Law in Support of Motion to Quash Non-Party Subpoena.

4917-3776-5199.6

Respectfully submitted,

*/s/ Angela P. Krahulik*
Angela P. Krahulik, Atty. No. 23036-49
Lauren D. Baldwin, Atty. No. 34613-49
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
Angela.Krahulik@icemiller.com
Lauren.Baldwin@icemiller.com

*Attorneys for INDYCAR, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served via electronic mail on the 23rd day of June 2025, to the following:

Chris Yates
David L. Johnson
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
chris.yates@lw.com
david.johnson@lw.com

 */s/ Angela P. Krahulik*
Angela P. Krahulik

3